UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

GEORGE N. GOUTAKOLIS,

                Plaintiff,

     -v-

                                    No. 19 CV 7260-LTS-DCF

MADISON GLOBAL, LLC, *doing business as*
NELLO, and THOMAS MAKKOS,

                Defendants.

-------------------------------------------------------------X


<u>MEMORANDUM ORDER</u>

        The Court has received and reviewed the parties' joint request for approval of the

proposed settlement agreement in this Fair Labor Standards Act ("FLSA") case.  (<u>See</u> Docket

Entry No. 59-1.)  "[B]efore a district court enters judgment [on an FLSA settlement agreement], it

must scrutinize the settlement agreement to determine that the settlement is fair and reasonable."

<u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  "The ultimate question is

whether the proposed settlement reflects a fair and reasonable compromise of disputed issues

rather than a mere waiver of statutory rights brought about by an employer's overreaching."  <u>Id.</u>

(internal quotation marks and citation omitted).  In determining whether a settlement is fair and

reasonable, a court considers the totality of the circumstances, encompassing a range of factors

including: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement

will enable the parties to avoid anticipated burdens and expenses in establishing their respective

claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the

settlement agreement is the product of arm's-length bargaining between experienced counsel; and

(5) the possibility of fraud or collusion."  <u>Id.</u>  (internal quotation marks and citation omitted).

"Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks and citation omitted). Moreover, following the Second Circuit's decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015), parties may not privately settle FLSA claims without approval of either the district court or the Department of Labor. In dicta in Cheeks, the Second Circuit expressed hesitation with respect to the validity of settlement agreements containing confidentiality provisions, general releases or excessive attorneys' fees. See generally id.

The Court has carefully considered the parties' joint submission, which includes their joint letter dated February 11, 2021, the proposed settlement agreement, a Confidentiality Preference Agreement related to Plaintiff's non-wage-and-hour claims, and Plaintiff's counsel's time records. (See Docket Entry Nos. 59, 59-1, and 59-3.) In light of the factors articulated above, as well as the Court's review of the settlement agreement and the parties' representations as set forth in their letter dated February 11, 2021, the Court finds that the proposed settlement agreement, including the attorneys' fees and expense award component, is fair and reasonable and that it satisfies the requirements of Cheeks.

This action is dismissed with prejudice and without costs to either party, but without prejudice to restoration of the action to the calendar of the undersigned if settlement payments according to the terms of the parties' settlement agreement are not completed within three hundred (300) days of the date of this Order. If a party wishes to reopen this matter, the

party must make a letter application before this three hundred (300)-day period expires.  The

Clerk of Court is respectfully directed to close this case.

      SO ORDERED.

Dated: New York, New York
      February 17, 2021

                 /s/ Laura Taylor Swain
                LAURA TAYLOR SWAIN
                United States District Judge